Michael J. Frevola
Christopher R. Nolan
K. Blythe Daly
HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, New York 10019
Telephone: (212) 513-3200
Fax: (212) 385-9010
michael.frevola@hklaw.com
christopher.nolan@hklaw.com
blythe.daly@hklaw.com

*Attorneys for Applicant,*
KING BABY MARINE LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE THE APPLICATION OF KING BABY MARINE LLC,

REQUEST FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782.

Civil Action No. 17-Misc. _____

## MEMORANDUM OF LAW IN SUPPORT OF AN *EX PARTE* APPLICATION FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782

Applicant, King Baby Marine LLC ("KB"), by and through its undersigned counsel, Holland & Knight LLP, and for its memorandum of law (this "Memorandum") in support of its *Ex Parte* Application for Discovery Pursuant to 28 U.S.C. § 1782 (the "1782 Application"), states as follows:

### I.   PRELIMINARY STATEMENT

This Memorandum is offered in support of KB's 1782 Application seeking information with respect to documents located in the United States and in this Judicial District for use in the following foreign proceeding(s):

(i) Recognition and enforcement proceedings in the Hong Kong Special Administrative Region of the People's Republic of China or any other jurisdiction in which assets of IAG Yacht (HK) Co., Ltd. and Zhuhai IAG Yacht Engineering Co., Ltd. (collectively "IAG"), Sunbird Yacht Co. Ltd. ("Sunbird"), or Tai-Wu Chang a/k/a Michael Chang may be located to satisfy the arbitration awards dated November 29, 2016 (the "Marino Arbitration Award") and January 20, 2017 (the "Monahan Arbitration Award") in favor of KB in an aggregate amount of $2,021,628.35 plus interest and costs (the "Arbitration Awards"); and

(ii) Attachment and garnishment and/or injunctive proceedings in the Hong Kong Special Administrative Region of the People's Republic of China or any other jurisdiction in which assets of IAG, Sunbird, or Michael Chang may be located.

(collectively, the "Foreign Proceedings").

While there are multiple entities and individuals which may become involved in the Foreign Proceedings, as verified in the Declaration of Bryan Carter submitted in support of the 1782 Application, this dispute centers on a Yacht Construction Contract dated December 2, 2011, and the fourteen amendments thereto (the "Contract"), which contract was executed and performed between and among KB (as buyer), IAG Yacht (HK) Co., Ltd. (as seller), Zhuhai IAG Yacht Engineering Co., Ltd. (as builder or constructor), and Tai-Wu Chang a/k/a Michael Chang (as guarantor for the benefit of KB). During the course of building a 140 foot motor yacht in China pursuant to the Contract, numerous disputes as to performance arose. In addition, Sunbird Yacht Co. Ltd. acquired a controlling interest in Zhuhai IAG Yacht Engineering Co., Ltd. The parties submitted their disputes to an arbitral panel which issued the Arbitration Awards in favor of KB in an aggregate amount of $2,021,628.35. To date, however, no payments have been

made to KB by IAG, Sunbird, or Michael Chang. Through KB's continued pursuit of IAG – and to a ancillary extent Sunbird and Michael Chang – it has discovered that the entities and individuals appear to be actively avoiding payment or recognition of the Arbitration Awards. Based on the Contract and KB's relationship with IAG, Sunbird, and Michael Chang throughout the construction of the Yacht, KB is aware that IAG, Sunbird, and Michael Chang transact business in U.S. Dollars (including having bank accounts in U.S. Dollars). Accordingly, KB seeks to locate assets and/or the financial trail of IAG, Sunbird, or Michael Chang through discovery of its U.S. Dollar financial activities (including but not limited to potential sources of bank accounts as well as business counterparties). This U.S. Dollar information will be critical in seeking to enforce the Arbitration Awards in Hong Kong by revealing to KB data regarding the whereabouts of assets of IAG, Sunbird, or Michael Chang.

Under the circumstances, the following categories of evidence will be relevant, important and useful to KB's claims in the Foreign Proceedings, all of which evidence (principally expected to be documents) is located in the United States:

    i. locating IAG, Sunbird, and Michael Chang's bank accounts;

    ii. locating IAG, Sunbird, and Michael Chang's assets;

    iii. locating IAG, Sunbird, and Michael Chang's counterparties; and

    iv. locating IAG, Sunbird, and Michael Chang's trading partners.

Pursuant to 28 U.S.C. § 1782, an applicant may be granted discovery in the United States in aid of a reasonably contemplated foreign proceeding if: (i) the applicant is an interested party to the contemplated proceeding; (ii) the individual or entity from which information is sought resides or is found within the judicial district in which the applicant's application has been brought; and (iii) the information is located in the United States. As discussed below, KB's

Application seeking discovery in aid of the Foreign Proceedings satisfies all of the requirements of Section 1782 and the Supreme Court's discretionary factors. Furthermore, it respectfully submitted that the facts of this matter demonstrate that information concerning IAG's, Sunbird's, and Michael Chang's U.S. Dollar activities is both relevant and crucial to KB in connection with the Foreign Proceedings and enforcement of the arbitration awards.

## II.   JURISDICTION AND VENUE

Jurisdiction is proper pursuant to 28 U.S.C. § 1782 as this Application is for discovery involving documents located within the Southern District of New York. The information is necessary to assist KB in recognizing and enforcing the Arbitration Awards issued in their favor prosecuting the Foreign Proceedings. At all times material herein, KB is and was a business entity organized under the laws of the State of Florida. Venue in the Southern District of New York is appropriate pursuant to 28 U.S.C. § 1782 because the information is being sought from corporations within this judicial district, along with the documents presently located in this jurisdiction.

## III.   FACTUAL BACKGROUND

The facts giving rise to this Application are set forth in detail in the Declaration of Bryan Carter, dated December 5, 2017 ("Carter Decl."), and the exhibits thereto, and in the Declaration of Christopher R. Nolan dated December 6, 2017 ("Nolan Decl."). For the sake of clarity, a brief background of the underlying contract and construction which resulted in the Arbitration Awards is provided here.

On December 2, 2011, KB (as buyer), IAG Yacht (HK) Co., Ltd. (as seller), and Zhuhai IAG Yacht Engineering Co., Ltd. (as builder or contractor) entered into a Yacht Construction Contract for the construction, sale, and purchase of a 140 foot motor yacht to be name the *M/Y*

*KING BABY* (the "Vessel"), and subsequently executed Fourteen Amendments (the "Contract"). (Carter Decl. ¶ 4.) Pursuant to the terms of the contract, a letter of credit was to be executed in favor of KB in the amount of $2,130,000. (*Id.* ¶ 5.) The parties eventually agreed, however, that the personal guaranty of Michael Chang dated January 4, 2012, would serve in place of the letter of credit. (*Id.* ¶ 7, Ex. 1.) The guarantee states that it "shall continue in full force and effect until all obligations and debts of [IAG] to which this Guaranty applies have been fully performed and/or paid." (*Id.*) In fact, Michael Chang executed three personal guarantees for the benefit of KB. (*Id.* ¶¶ 6-8.) Meanwhile, Sunbird Yacht Co. Ltd. purchased a 55% controlling interest in IAG. (*Id.* ¶ 10.)

Throughout the course of the construction of the Yacht, numerous disputes arose as to the performance of the builder, the workmanship, warranty items, and the final punch list. In addition, the delivery date was delayed numerous times. Finally, on August 8, 2015, the unfinished Yacht was delivered to KB in China. (*Id.* ¶ 11.) Thereafter, it was transported to Ft. Lauderdale, Florida, where it arrived on September 28, 2015, to be finished. (*Id.* ¶ 11.)

In the summer of 2016, the Fourteenth Amendment to the Contract, was executed which provides that in lieu of the dispute resolution procedures in the Contract, all disputes "arising out of or in connection with" the Contract would be resolved by binding arbitration in Ft. Lauderdale, Florida before Messrs. Michael Monahan, Timothy Kings, and Joseph Marino according to the Rules of the Society of Maritime Arbitrators. (*Id.* ¶ 12, Ex. 4.) In connection with the Fourteenth Amendment, a detailed letter dated August 2, 2016, was jointly submitted to the arbitrators identifying the items and issues to be determined. (*Id.*) The Fourteenth Amendment states that "Each party shall pay any sums awarded to the other party within ten business days after issuance of the relevant award."

On November 29, 2016, the arbitrators issued an award in favor of KB in the amount of $1,238,553.89 (the "Marino Arbitration Award"). (*Id.* ¶ 13, Ex. 5.) On January 20, 2017, the arbitrators issued an award in favor of KB in the amount of $783,074.46 (the "Monahan Arbitration Award"). (*Id.* ¶ 14, Ex. 6.) After numerous demands for satisfaction of the Arbitration Awards, on August 3, 2017, KB eventually entered into a settlement agreement reducing the amount awarded under the Marino and Monahan Arbitration Awards to a combined total of $1,351,482.64. (*Id.* ¶ 15, Ex. 7.) The Settlement Agreement provides, however, that absent "timely receipt of the Settlement Funds," Clause 3 of the Settlement Agreement reserves to KB the right to "enforce the Arbitration Awards by any legal means to the same extent as if this Agreement had not been entered into." Despite continued demands for payment, however, no portion of the $1,351,482.64 settlement amount of the total amount of $2,021,628.35 due and owing pursuant to the Arbitration Awards has been paid by IAG, Sunbird, or Michael Chang.

Relying on the Arbitration Awards, KB has initiated or will initiate Foreign Proceedings in Hong Kong, seeking to have IAG, Sunbird, or Michael Chang satisfy the Arbitration Awards. (*Id.* ¶ 16).

## IV.   ARGUMENT

**A.   *28 U.S.C. § 1782 PROVIDES FOR DISCOVERY IN AID OF REASONABLY CONTEMPLATED FOREIGN ACTIONS***

The basis for this *ex parte* Application is 28 U.S.C. § 1782 ("Section 1782"). "[I]t is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*." *Gushlak v. Gushlak*, 486 Fed. Appx. 215, 217 (2d Cir. 2012).

Section 1782 authorizes a United States District Court, upon the application of an interested person, to order a person residing in the district to give testimony or produce documents for use in a foreign proceeding:

> The District Court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusations. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

28 U.S.C. § 1782(a). Whether to grant this Application for documents pursuant to 28 U.S.C. § 1782 is within this Court's discretion. *In re Application of Aldunate*, 3 F.3d 54, 62 (2d Cir.), *cert. denied*, 510 U.S. 965 (1993).

### B. KB SATISFIES THE STATUTORY REQUIREMENTS OF SECTION 1782

The United States Supreme Court has interpreted Section 1782 as having a broad application. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 259 (2004). In determining that Section 1782 authorizes a federal district court to provide discovery assistance, the Supreme Court specifically rejected the multiple limitations that *Intel* attempted to inject into the interpretation of the statute. *Intel*, 542 U.S. at 256. Instead, the Supreme Court adopted a broad and liberal interpretation of the Statute and provided guidelines for the future application of the statute by federal district courts. *Id.*

KB satisfies each of the requirements of Section 1782 and those set forth by the Second Circuit in *Aldunate*. *Id.* In *Aldunate*, the Second Circuit stated of Section 1782 that:

> [T]he statutory language is unambiguous in its requirements: (1) the person from whom discovery is sought must reside in or be found in the district of the district court to which the application is made, (2) the discovery must be "for use in a proceeding in a foreign or international tribunal," and (3) the application must be made "by a foreign or international tribunal" or by "any interested person."

3 F.3d at 58 (quoting 28 U.S.C. § 1782).

Thus, the Court may enter an order allowing discovery for use in the Foreign Proceedings, as well as any other recognition and enforcement action which KB might commence as a result of the information obtained. Specifically, KB is an interested person to the forthcoming Foreign Proceedings; the persons or entities with possession, custody and/or control of the information sought reside in or are found within this District; and the evidence is sought for use in the Foreign Proceedings, which are or will be held before a foreign tribunal.

       **1.**     ***KB, the Applicant, Is an Interested Person to the Foreign Proceedings***

KB will be the petitioner and claimant in the Foreign Proceedings, including the Hong Kong recognition and enforcement proceedings and any actions to attach or garnish the property of IAG, Sunbird, or Michael Chang and/or to enjoin their dissemination. As KB will be a party to all and any Foreign Proceedings, it is plainly an "interested person" as that term is used in 28 U.S.C. § 1782. *See In re Application of Malev Hungarian Airlines*, 964 F.2d 97, 101 (2d Cir.), *cert. denied*, 506 U.S. 861 (1992). Corporations and business entities qualify as a "person" under Section 1782, as the United States Code defines a "person" to include "corporations, companies, associations, firms, partnerships, societies, and joint stock companies, as well as individuals." 1 U.S.C. § 1.

The Court's decision in *Intel* highlights the broad applicability of this standard. The Supreme Court recognized the definition of an interested party to be any person who "possess[es] a reasonable interest in obtaining [judicial] assistance." *Intel*, 542 U.S. at 256. Here, KB will be undertaking actions in Hong Kong to enforce the Arbitration Awards. KB possesses a reasonable interest in obtaining the assistance requested.

### 2. The Persons or Entities with Possession, Custody and/or Control of the Discovery Sought Reside in or Are Found Within this District

In addition, the New York banks from which discovery is sought "reside" or are "found" in this Judicial District. A company is found where it is incorporated, headquartered, or where it is engaged in "systematic and continuous activities." *In re Godfrey*, 526 F. Supp. 2d 417, 422 (S.D.N.Y. 2007) (citation omitted). KB seeks the production of documents by Bank of America N.A.; Bank of China; The Bank of NY Mellon; Barclays Bank PLC; BNP Paribas SA; Citibank, N.A.; Commerzbank AG; Deutsche Bank Trust Company of Americas and/or Deutsche Bank Securities, Inc.; HSBC Bank (USA) NA; JPMorgan Chase Bank N.A.; Societe Generale; Standard Chartered Bank; UBS AG; and Wells Fargo Bank, N.A. (hereinafter collectively referred to as "New York Banks").

Each of the New York Banks has an office in the District and maintains the records requested. (Nolan Decl., ¶ 2.) Moreover, the New York Banks have responded to past subpoenas which sought similar records, without objection, as early as two weeks after receipt of the subpoena. (*Id.* ¶ 3.) KB anticipates serving the New York Banks with subpoenas in this District upon the issuance of an order by the Court authorizing the discovery assistance requested.

### 3. Discovery Is Sought for use in the Foreign Proceedings, Which Are or Will Be Held Before One or More Foreign Tribunal

KB seeks discovery "for use in a proceeding in a foreign or international tribunal." *Aldunate*, 3 F.3d at 58 (quoting 28 U.S.C. § 1782). As the Supreme Court in *Intel* explained, "the 'proceeding for which discovery is sought under § 1782(a) must be within reasonable contemplation, but need not be 'pending' or 'imminent.'" 542 U.S. at 243 (citation omitted). As set forth in the Carter Declaration, KB will initiate several actions in the Hong Kong and

other necessary jurisdictions to enforce the Arbitration Awards and after assessing the information received from the New York Banks.

In *Intel*, the Supreme Court confirmed a low threshold for satisfying the "foreign or international tribunal" requirement by concluding that the Directorate General (i.e., a governmental investigative body and not a court) is a "tribunal" for the purposes of satisfying the requirements of Section 1782. The Court also stated that "[t]he term 'tribunal' . . . includes investigating magistrates, administrative and arbitral tribunals, and quasi-judicial agencies, as well as conventional civil, commercial, criminal, and administrative courts." *Intel*, 542 U.S. at 248. In light of the expansive definition of the term "tribunal," there is no question that the Foreign Proceedings initiated and contemplated qualify as "proceeding[s] in [ ] foreign or international tribunal[s]."

The *Intel* Court relied on the legislative history of the statute to hold that a foreign proceeding need not be pending in order for Section 1782 to provide judicial assistance. *Id.* at 258. In fact, the Court expressly rejected the previous view held by the Second Circuit that a proceeding must be "imminent – very likely to occur and very soon to occur." *Id.* at 259 (rejecting *In re Ishihara Chemical Co.*, 251 F.3d 120, 125 (2d Cir. 2001)). Rather, the Court held that the proceeding must only be within "reasonable contemplation." *Id.*

Since *Intel*, several District Courts have followed the Supreme Court's ruling that 28 U.S.C. § 1782(a) allows for discovery assistance to proceedings which have not yet been filed. *See, e.g., In re Wilhelm*, 470 F. Supp. 2d 409, 410-11 (S.D.N.Y. 2007); *In re Marano*, No. 09-80020, 2009 WL 482649, *2 (N.D. Cal. Feb. 25, 2009) (in the civil proceeding context). KB has demonstrated that its Hong Kong undertakings are within reasonable contemplation.

### 4. *No Other Factors Weigh Against Allowing Discovery*

In addition to satisfying the requirements of *Aldunate*, 3 F.3d at 58, there are no factors which would argue against allowing the discovery. In *Malev*, the Second Circuit emphasized that the goals of Section 1782 should be considered in deciding motions brought under the statute. *Malev*, 964 F.2d at 100. These goals of Section 1782 are:

> [T]win aims of providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign courts by example to provide similar means of assistance to our courts.

*Id.* Both these aims will be fulfilled by granting the requested discovery. The information sought will assist KB in the Foreign Proceedings. More specifically, the information sought will enable KB to enforce the Arbitration Awards. Thus, the goals of the statute will be accomplished through granting this Application. Given the holdings in *Aldunate* and *Malev*, a Section 1782 application should be granted where, as here, an applicant has met the express requirements of the statute and where the discovery will achieve the goals set by the statute's enactment. *Aldunate*, 3 F.3d at 58; *Malev*, 964 F.2d at 100.

### C. *KB ALSO SATISFIES INTEL'S DISCRETIONARY FACTORS*

In *Intel*, the Court identified four factors that bear consideration in ruling on a Section 1782 request. While the factors are not exhaustive, the Court stated that a court ruling on a Section 1782 request should consider: 1) whether the person from whom discovery is sought is a participant in the foreign proceeding; 2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government, court, or agency to federal-court judicial assistance; 3) whether the Section 1782(a) request conceals an attempt to circumvent foreign proof-gathering limits or other policies of a foreign country or the United

States; 4) whether the discovery requests are unduly intrusive or burdensome. *Intel*, 542 U.S. at 264-65.

Granting KB's request for relief is consistent with the guidance provided by the *Intel* court as none of the New York Banks will be parties to or participants in the Foreign Proceedings. As such, KB would be unable to obtain information from the New York Banks in the Foreign Proceedings in Hong Kong or other jurisdictions.

The nature of the Foreign Proceedings does not implicate any factor or policy that would weigh against granting KB's request. Instead, the nature of the Foreign Proceedings – arbitral awards and judgment enforcement proceedings – weighs in favor of KB's request.

Furthermore, as the information sought would be used in commencing targeted enforcement actions rather than a discovery in the pre-trial phase of a dispute on the merits, it is respectfully submitted that granting the assistance requested by KB would not offend any foreign jurisdiction or constitute a circumvention of foreign proof-gathering rules.

Finally, the requests are neither unduly intrusive nor burdensome. As discussed above, the key information relevant to the Foreign Proceedings is located in this District. This includes documentation from the New York Banks. As noted, this information is not available to KB.

### D.  THE COURT SHOULD EXERCISE ITS DISCRETION TO GRANT FOREIGN DISCOVERY ASSISTANCE

Under the circumstances, evidence that will be relevant to KB's claims in the Foreign Proceedings is not available abroad, but is located in the United States and/or in this District (in terms of both documents and witnesses). As such, KB respectfully requests the Court grant its request for discovery pursuant to 28 U.S.C. § 1782 to obtain information (as is specified in the Application) concerning:

      i.     IAG, Sunbird, and Michael Chang's bank accounts;

    ii.    IAG, Sunbird, and Michael Chang's assets;

    iii.    IAG, Sunbird, and Michael Chang's counterparties; and

    iv.    IAG, Sunbird, and Michael Chang's trading partners.

Obtaining this information will require subpoenas requiring production of U.S. Dollar wire transfer activity IAG, Sunbird, and Michael Chang, all of which are located in the United States as well as the New York Banks.

## V. CONCLUSION

In summary, consistent with precedent cited above, the facts in the present matter clearly meet the requirements of 28 U.S.C. § 1782, and this Application for the Order should be granted.

Dated:    New York, New York
             December 6, 2017

HOLLAND & KNIGHT LLP

By: _____
Michael J. Frevola
Christopher R. Nolan
K. Blythe Daly
HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, New York 10019
Telephone: (212) 513-3200
Fax: (212) 385-9010
michael.frevola@hklaw.com
christopher.nolan@hklaw.com
blythe.daly@hklaw.com

*Attorneys for Applicant*
*King Baby Marine LLC*