USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: JAN 10 2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------x
In Re:

KING BABY MARINE LLC,   17-mc-488 (LAK)

                Applicant.
------------------------------------------------x

## MEMORANDUM AND ORDER

LEWIS A. KAPLAN, *District Judge.*

        The matter is before the Court on applicant's motion for discovery pursuant to 28 U.S.C. § 1782 [DI 1].

*Background*

        The following facts are set forth in applicant's motion papers. Applicant is a company that entered into a contract to purchase a 140-foot, yet-to-be constructed yacht from IAG Yacht (HK) Co., Ltd., as seller, and Zhuhai IAG Yacht Engineering Co., Ltd., as builder or contractor, (together, "IAG Yacht"). Although the yacht was ultimately completed and delivered, the parties disputed over various payment obligations and alleged breaches of contract. In November 2016 and January 2017, an arbitration panel in Florida issued two awards in favor of applicant against IAG Yacht for $1,238,553.89[1] and $783,074.46,[2] respectively. IAG Yacht has failed to pay the amounts awarded to applicant, and consequently, applicant intends to bring actions in Hong Kong to enforce the arbitration awards and execute on the assets of IAG Yacht and its affiliates.[3]

        Ahead of bringing any such actions in Hong Kong, applicant applies *ex parte* for discovery pursuant to 28 U.S.C. § 1782 in the Southern District of New York.

---

[1] DI 5-5, at ECF 7.

[2] DI 5-6, at ECF 5. The parties subsequently entered into a settlement agreement reducing the amount awarded under the two arbitration awards to a combined total of approximately $1.35 million. DI 5-7. However, the settlement agreement provides that absent timely receipt of the funds, applicant has a right to enforce the two awards to the same extent as if the agreement had not been entered into. *Id.*

[3] DI 1, at 2-3.

*Legal Framework*

Section 1782(a) provides, in relevant part:

"The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing *for use in a proceeding in a foreign or international tribunal*, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court."[4]

The Second Circuit construes Section 1782 as imposing three requirements:

"(1) [T]he person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made, (2) the discovery is for use in a foreign proceeding before a foreign tribunal, and (3) the application is made by a foreign or international tribunal or any interested person."[5]

If these three requirements are met, the decision whether to grant a Section 1782 application is left to the district court's discretion, "taking into consideration the 'twin aims' of the statute, namely, 'providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts.'"[6]

The Supreme Court has articulated several factors that a district court may consider in deciding a Section 1782 application. "First, when the person from whom discovery is sought is a participant in the foreign proceeding . . . , the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad."[7] The district court may consider also "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to

---

[4] Emphasis provided.

[5] *Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 80 (2d Cir. 2012).

[6] *Certain Funds, Accounts &/or Inv. Vehicles v. KPMG, L.L.P.*, 798 F.3d 113, 117 (2d Cir. 2015) (quoting *In re Metallgesellschaft*, 121 F.3d 77, 79 (2d Cir. 1997)).

[7] *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004).

U.S. federal-court judicial assistance" as well as "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States" or is "unduly intrusive or burdensome."[8]

## Discussion

There is no indication in applicant's motion papers that any foreign proceeding to enforce the arbitration awards against IAG Yacht is currently under weigh. Applicant argues that we nonetheless should grant its application on the basis of *Intel Corporation v. Advanced Micro Devices, Inc.*

In *Intel*, the applicant had filed an antitrust complaint against Intel with the Directorate-General for Competition of the Commission of the European Communities. Intel argued that the "complaint has not progressed beyond the investigative stage; therefore, no adjudicative action is currently or even imminently on the Commission's agenda."[9] The Court "reject[ed] the view . . . that § 1782 comes into play only when adjudicative proceedings are 'pending' or 'imminent,'" and instead held that Section 1782(a) "requires only that a dispositive ruling by the Commission, reviewable by the European courts, be within reasonable contemplation."[10]

Although *Intel* is subject to broad interpretation, the facts of *Intel* are distinguishable from those before the Court. In *Intel*, the complaint had been filed. Here, in contrast, the application is for authority to request personal banking information in and of a proceeding or proceedings unknown.

The Second Circuit considered the question of whether "planned actions" constituted "proceeding[s] in a foreign or international tribunal" for purposes of Section 1782 in *Certain Funds, Accounts &/or Investment Vehicles v. KPMG*.[11] The Second Circuit drew two conclusions from the "reasonable contemplation" rule articulated in *Intel*:

> "First, as the Court's formulation makes explicit, the planned proceedings must be within *reasonable* contemplation. In other words, the applicant must have more than a subjective intent to undertake some legal action, and instead must provide some objective indicium that the action is being contemplated. . . .

---

[8] *Id.* at 264-65.

[9] *Id.* at 258.

[10] *Id.* at 259.

[11] 798 F.3d 113 (2d Cir. 2015).

Second, the relevant question is whether *at the time the evidence is sought*, ... the evidence is eventually to be used in a foreign proceeding. . . . In other words, we assess the indicia of whether the contemplated proceedings were within reasonable contemplation at the time the § 1782 application was filed."[12]

In *KPMG*, all that had been alleged in the district court was that the applicant had retained counsel and was discussing the possibility of initiating litigation. Consequently, the court affirmed the district court's decision to deny the application for discovery under Section 1782.[13]

This Court need not decide the question of whether applicant has met the statutory requirements under Section 1782. Indeed, it assumes *arguendo* that it has. Nevertheless, the Court is advised only that applicant "has consulted with Hong Kong attorneys and is evaluating its legal recourse against [IAG Yacht]."[14] Accordingly, applicant's need for the requested discovery remains speculative. For the foregoing reasons, applicant's motion [DI 1] is denied in the exercise of discretion without prejudice to the filing of a new application if and when circumstances change.

SO ORDERED.

Dated: December 22, 2017

Lewis A. Kaplan
United States District Judge

---

[12] *Id.* at 123-24.

[13] *Id.* at 124 ("Accordingly, at the time the evidence was sought in this case, the Funds had done little to make an objective showing that the planned proceedings were within reasonable contemplation.").

[14] DI 5, at ¶ 17.